Ewing, C. J.
A sale of certain real estate reported to be unsusceptible of partition having been made, two claims are exhibited to the proceeds of the share formerly belonging to Israel Garwood, one of the tenants in common. Benjamin Garwood claims by virtue of a sale and conveyance by auditors under an attachment at his suit. James Garwood claims by a deed of bargain and sale from Israel Garwood, made previously to the issuing of the writ of attachment but not recorded until after it was executed. Before the *243 return day of the writ, the deed was recorded, and after-wards, before any meeting of the auditors, and before any creditor had made application for the audit of his account, notice was given to Benjamin Garwood of the execution and recording of the deed, prior to which he had no such notice. The fairness and considera,tion of the deed are not impeached. We are therefore to consider it a bona fide conveyance for a valuable consideration.
The question arises from the first section of -the act concerning conveyances, Rev. Laws, 747. Independent of that section, the claim of James Garwood under the deed made to him would undoubtedly prevail. For the deed would have full operation and effect, would have vested in him, the unqualified title to the undivided share prior to the issuing of the attachment and of course to the avails of that share when sold by the commissioners appointed on the application for partition. By that section it is enacted, that every deed or conveyance of or for any lands, tenements or hereditaments to any purchaser of the same, shall be void and of no effect against a subsequent judgment creditor, or bona fide purchaser or mortgagee, for a valuable consideration, not having notice thereof, unless such deed or conveyance shall be acknowledged or proved and recorded, or lodged for that purpose within fifteen days after the time of signing, sealing and delivering the same. Is Benjamin Gar-wood within the protection of this act? Does he stand in the character of a judgment creditor, not having notice of the deed? For the want of notice is as essential to the protection of a judgment creditor as of a purchaser or mortgagee. *Such is the grammatical construction [*194 of the language of the section; and such too it may be fairly presumed was the intention of the legislature, otherwise persons with full knowledge of an honest transfer of real estate, might trust the grantor, and then, obtaining a judgment, defeat the bona fide purchaser, who from negligence or ignorance, had omitted to have his conveyance recorded.
*244 When judgment was rendered on the attachment, and not earlier, Benjamin Garwood acquired the character of a judgment creditor. But at that time, when he became such, he had notice of the deed. He could not then be called a judgment creditor without notice, nor entitled to the rights annexed to that character.
By the sixth section of the act concerning attachments, Rev. Laws, 356, it is provided that the writ of attachment shall bind the property and estate attached from the time of executing the same. And hence it is supposed that the rights of the plaintiff in attachment as a judgment creditor have relation to the time of executing the writ, at which time he had no notice of the deed. But the argument is not' sound, nor is the inference just. The lien given by that section exists for the legitimate, natural and appropriate purposes of the attachment and no more; to protect the property from alienation by the debtor, or seizure by subsequent judgments and executions; but there is nothing in it which can clothe the plaintiff with the rights or entitle him to the character of a judgment creditor until he actually becomes so.
As, therefore, Benjamin Garwood is not a judgment ' creditor without notice, the omission to ■ record the deed within the period of fifteen days did not defeat its operation. The claim under it should prevail; and an order should be made for the payment of the amount of sale to James Garwood.
Ford, J.
Israel Garwood made a deed of bargain and sale for certain lands to James Garwood on the 11th of August, 1824, which deed was duly executed and delivered on the day of its date, by a transaction altogether fair and bona fide ; but the purchaser omitted at the time to put the deed upon record. Five months after that transaction, Benjamin Garwood sued out a writ of attachment against the grantor, Israel Garwood, as an absconding debtor, and *245 had it levied on the lands that had been convoyed in manner aforesaid to James as a purchaser. Fourteen days after the attachment had been so levied, James Garwood, the *purchaser, put his deed upon record, and caused [*195 notice of it to be served upon Benjamin Garpood, the plaintiff in attachment; but he, apprehending that the recording of the deed and the giving notice thereof came too late after an attachment had been actually levied, proceeded to a judgment and sale by auditors of the land, as property still belonging to Israel Garwood, the debtor; at which sale he became the purchasar, and received from them a deed of conveyance for the same land. The question submitted to the court is, which of these two purchasers has the legal title ?
The statute of 8th March, 1798, Rev. Laws 356, see. 6, provides that a writ of attachment shall bind the property and estate of the defendant from the time of executing the same. A later statute, of 30 th May, 1820, Rev. Laws 734, see. 3, binds from an earlier period, to wit, fiorn the time of issuing such -writ. But here the debtor had made a conveyance of his property and estate five months prior to the existence of the attachment, and prior to any lieu whatever thereon. Nothing to invalidate that conveyance is to bo found in either of these statutes; for they leave the power of alienation absolute till the issuing of an attachment, and the title of James Garwood, the purchaser, must therefore remain valid, unless it can be avoided under some other acts than these. The case imputes no fraudulent intent’ to those parties; it does not even represent the grantor as being indebted at the time to any person ■ whatever, but leaves the transaction on the broad ground of a bona fide sale; and as the deed contains the usual words of a convoyanco in presentí, it did, according to the principles of the common law, divest the grantor of all his. estate and interest in the land, at the time of its execution, and vested a fee simple in James Garwood, the purchaser. It could not be bound by a subsequent attachment as the property or *246 estate of Israel Garwood, for his own conveyance precluded him and his heirs forever from any interest therein. But though the deed stands firmly against Israel Garwood and his heirs, it may be suggested to be void as against other persons, under another statute, for want of being recorded in due time.
The act of 5th June, 1820, Rev. Laws 747, see. 1, provides, that every deed of conveyance for lands, not recorded within fifteen days after the execution of the same, shall be void and of none effect against three descriptions of person, not having notice thereof; the first is a subsequent judg*196] ment creditor, the second a bona fide *purchaser, and the third a mortgagee for valuable consideration; it renders a deed void for want of being recorded against none others, and expressly provides that as between the parties and their heirs it shall be valid and operative. Benjamin Garwood, the purchaser under the auditor’s sale, cannot set aside the prior deed by force of this act, unless he can bring himself under one of those three descriptions. Dow he is not a mortgagee; and although he is a subsequent judgment creditor, and likewise a subsequent purchaser, yet he is such under full previous notice of the prior conveyance. The state of the case shews that he had full notice of the conveyance to James Garwood long before he obtained his judgment, and longer still before he made his purchase of the auditors. Pie therefore acted with his eyes open. Dow the statute avoids unrecorded deeds only against those persons who had no notice of them. As against him who had notice of the prior deed it remains manifestly as valid as if this statute had never been enacted. And as to the attachment act, it avoids those deeds only which are made after the issuing of the attachment; and that it does whether they are recorded or not. The consequence is that James Garwood remains the legal owner of the land, and is entitled to the proceeds of the sale thereof under the act for the partition of lands.
Drake, J., concurred.